# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

**WJ'S OF AIKEN, INC.,**

    Plaintiff,

v.

**HOME TEAM RESTAURANT GROUP, LLC and BEN E. KEITH COMPANY,**

    Defendant.

Case No. 3:26-cv-113

## COMPLAINT

**COMES NOW** Defendant WJ's of Aiken, Inc., a South Carolina corporation, and by way of complaint against Defendant, states as follows:

## NATURE OF CASE

1. Plaintiff is an independent business venture that operates a restaurant known as Aiken Fish House. It originally operated as a Willie Jewell's Old School Bar-B-Q (hence the "WJ's" in the name) from 2016-2018, and Willie Jewell's was a franchise. In February of 2019, seeing that Willie Jewell's was failing, it rebranded as Aiken Fish House, which became quite successful. In August of 2021, Plaintiff entered into a Management Agreement with Defendant whereby Defendant provided franchise services in exchange for a royalty fee of 3% of Plaintiff's gross sales. In October of 2024, one of Plaintiff's shareholders, Damian Blevins, purchased all the remaining stock of WJ's of Aiken, Inc. Upon finalizing

the purchase, Blevins negotiated a new management agreement with Home Team, which acknowledged that Aiken Fish House is not a franchise, license, or joint venture with Home Team. The agreement allowed Aiken Fish House to purchase "food and drink, items, paper goods, imprinted paper products, and containers and other merchandise necessary to Fish House for the operation of the Restaurant" from one Home Team vendor, Ben E. Keith Company, and several of its own vendors, much as the 2021 management agreement allowed. In October of 2024, Plaintiff learned that Ben E. Keth Company was secretly paying Home Team kickbacks, commissions, and/or other illegal commercial bribes in violation of state and federal antitrust law. Plaintiff served notice of termination of its amended management agreement contemporaneously with the filing of this Complaint.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 as Plaintiff has asserted a civil action arising under the laws of the United States.

3.      Upon information and belief[1], this Court additionally has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as there is complete diversity between the parties, and the amount in controversy exceeds $75,000.00.

4.      This Court has personal jurisdiction over Defendant Home Team as

---

[1] For purposes of ascertaining diversity jurisdiction, an LLC Defendant is deemed to be a resident of each state in which its LLC members reside. Plaintiff has no actual verifiable knowledge as to the identity of the individual members of Defendant Home Team Restaurant Group, LLC. This allegation is made based upon Plaintiff's interactions with Defendant Home Team. All communications were made with Florida residents.

said Defendant's principal office is located in this District.

5. This Court has personal jurisdiction over Defendant Ben E. Keith Company pursuant to Florida's Long Arm Statute, Fla Stat. § 48.193(1)(a)(1) as Ben E. Keith Company operates a business in Florida, and has an office in Florida.

6. Venue is appropriate in this Court pursuant to 28 U.S.C. 1309(b)(1) in that Defendant Home Team is deemed a resident of this district. Additionally, the parties entered into a written agreement selecting Courts in "Jacksonville, Duval County, Florida" to resolve all "disputes, controversies and causes of action of every kind and nature between the parties . . . arising out of or in connection with or pertaining to" their agreement.

PARTIES

7. Plaintiff WJ's of Aiken, Inc. (hereinafter "Aiken Fish House") is a South Carolina for-profit corporation with its principal office located at 1376 Whiskey Road, Aiken, South Carolina 29803. It operates a restaurant known as "Aiken Fish House and Oyster Bar" at that location.

8. Defendant Home Team Restaurant Group (hereinafter "Home Team") is a Florida limited liability company with a principal office located at 10645-200 Phillips Highway, Jacksonville, Florida 32256. Its registered agent for service of process is Richard K. Jones, and its registered office is located at 501 West Bay Street, Jacksonville, Florida 32202.

9. Defendant Ben E. Keith Company is a Texas for-profit corporation. Its principal office is located at P.O. Box 2628, Fort Worth, Texas 76113. Its registered agent for service of process in Florida is C T Corporation System, and its registered

office is located at 1200 South Pine Island Road, Plantation, Florida 33324.

## FACTUAL ALLEGATIONS

10. Plaintiff operates a single restaurant known as "Aiken Fish House and Oyster Bar" located at 1376 Whiskey Road, Aiken, South Carolina 29803.

11. Prior to operating as "Aiken Fish House and Oyster Bar," Plaintiff operated a franchise barbeque restaurant known as "Willie Jewell's Old School Bar-B-Q Restaurant."

12. Non-party Damian Blevins was a 20% shareholder of Plaintiff prior to 2024.

13. Willie Jewell's was failing at the Aiken location.

14. Willie Jewell's, and hence WJ's of Aiken, Inc. with it, had a franchise agreement with Home Team.

15. In 2019, Plaintiff rebranded as Aiken Fish House and Oyster Bar. Between 2019 and 2024, it operated a very successful restaurant under this new branding.

16. Between 2019 and 2021, Plaintiff and Defendant had no legal relationship to one another. In or around 2021 Home Team came knocking and wanted royalties, as it insisted it still had a franchise agreement with Plaintiff, regardless of the fact that the Willie Jewell's concept had failed.

17. On December 21, 2020, Joseph Adeeb, III of Aiken Fish House signed a Management Agreement with Home Team where Aiken Fish House agreed to pay Home Team royalties of 3%-5% of its gross sales. Despite being signed in December of 2020, the agreement was dated August 1, 2021.

18. On September 4, 2024, Damian Blevins negotiated and finalized a purchase and sale agreement which allowed him to purchase all remaining shares of WJ's of Aiken, Inc. for the price of $450,000.00.

19. In April of 2021, Blevins became aware that Plaintiff was going to start paying Home Team royalty payments. He was not provided with a copy of the August 1, 2021 management agreement that WJ's of Aiken, Inc. had entered into with Home Team until he began negotiating the purchase of the business in 2024.

20. Not wanting to operate WJ's of Aiken, Inc. as a Home Team franchise, Blevins negotiated what was essentially a buyout of the management agreement.

21. On October 1, 2024, Plaintiff and Defendant entered into that certain "Amended and Restated Management Agreement," a true and accurate copy of which is attached hereto as **Exhibit "1"** (hereinafter the "Management Agreement.").

22. The Management Agreement has several important provisions relevant to this action, including:

   a. "4. Independent Business Venture. The parties specifically understand and agree that operation of the Restaurant by Fish House is a completely independent business venture and is in no way to be considered a franchise, license, or joint venture with Home Team. … Home Team shall not represent or hold itself out as an agent, legal representative, partner, subsidiary, joint venturer or employee of Fish House. Home Team shall have no right or power to, and shall not bind, or obligate Fish House in any way, manner, or thing whatsoever, nor represent that it has any right to do so."

  b. "2.a. Home Team will assist Fish House with the merchandising, marketing, advertising, research data, programs and advice as may be from time to time developed by Home Team and deemed by it to be helpful in the operation of the Restaurant."

  c. "2.b. Home Team will provide sources of supply of food and drink items, paper goods, imprinted paper products, and containers and other merchandise necessary to Fish House for the operation of the Restaurant. Fish House agrees to purchase said items from Home Team approved suppliers."

  d. "3. Payment. . . . Fish House shall pay to Home Team an annual sum of Fifty Thousand and 00/100 Dollars per year for each year of the term, which is a total sum of Two Hundred Thousand and 00/100 Dollars during the course of the contract. The payments shall be made in 48 equal monthly payments of $4,166.67…"

  e. "12. Prior Agreements Void. The parties agree that all other terms of the Purchase [sic] Agreement shall become void upon the full execution of this Amended Agreement."

23. Aiken Fish House has made all payments required by Paragraph 3 of the Management Agreement, timely.

24. Home Team has identified exactly one (1) "approved supplier," namely the Ben E. Keith Company.

25. Ben E. Keith Company supplies non-alcoholic beverages such as soft drinks; food; supplies such as paper products, gloves, and plateware; and cleaning products.

26. Ben E. Keith Company does not supply several other items necessary for the operation of Aiken Fish House. As a result, Aiken Fish House uses alcohol vendors such as Beverage South, A&B Beverage, Aleph Wines, and Republic National Distribution Center; office supply vendors such as Staples; and specialty vendors such as Breakthrough Beverage, Inland Seafood, and Alsco Linens. None of these vendors are "approved suppliers."

27. Aiken Fish House has made purchases with Ben E. Keith Company as recommended by Paragraph 2(b) of the Management Agreement. In 2025, Plaintiff made roughly $550,000 worth of purchases from Ben E. Keith Company.

28. Home Team maintains that Paragraph 2(b) requires Aiken Fish House to **exclusively** purchase products from "approved suppliers," despite the lack of any language in the provision requiring "sole" or "exclusive" purchase from "approved suppliers;" despite the fact that neither party understood the prior agreement or the current agreement to require exclusivity; and despite the fact that Home Team has only ever identified one (1) approved supplier, and that vendor is not able to supply all of the items necessary to operate and manage a restaurant.

29. Upon information and belief, Home Team has franchise agreements with 34 Willie Jewell's and Bono's Pit Bar-B-Q operators across the United States.

30. Upon information and belief, Home Team has entered into an agreement with Ben E. Keith Company to furnish supplies to Home Team's franchise operators and to Aiken Fish House.

31. Upon information and belief, Home Team's agreement with Ben E. Keith Company entitles Home Team to receive "rebates," kickbacks, or other

commercial bribes proportionate to the value of products purchased by Aiken Fish House and the franchises.

32. Ben E. Keith Company maintains a local distributor in the Aiken, South Carolina area. However, Plaintiff is required to purchase from Ben E. Keith Company's Gainesville, Florida location, which ships the supplies from Florida to Aiken. The net effect is that Aiken Fish House is paying more for all deliveries so that Defendant can maintain its illegal kickback scheme.

33. After informal communications between the parties failed to produce a satisfactory result, Plaintiff's counsel served a written notice to defendant, pursuant to the Management Agreement, terminating said agreement in full.

34. Plaintiff has asked Ben E. Keith Company and Defendant, both in writing, for information as to the value of rebates or kickbacks that are being paid by Ben E. Keith Company to Defendant Home Team. Representatives from both entities have refused to provide Plaintiff with this information.

35. Defendant refers to these illegal kickbacks as "contingent payment amounts," and in a certified letter dated October 21, 2025, Josh Martino of Home Team Restaurant Group, LLC told Plaintiff, "contingent payment amounts are confidential and proprietary information between Home Team and suppliers such as Coca-Cola and Ben E. Keith."

36. Plaintiff estimates that the illegal kickbacks are between 2% and 10% of the gross purchase price Plaintiff has paid to Ben E. Keith Company.

37. Defendant has engaged in commerce generally, and interstate commerce, in particular.

## COUNT I

Violation of Federal Antitrust Laws

(15 U.S.C. § 13)

38. Plaintiff incorporates by reference all allegations set forth above.

39. While Defendants have engaged in commerce, in the course of their activities in interstate commerce including the sale of supplies to Aiken Fish House, Ben E. Keith Company paid or granted to Home Team, and Home team received or accepted from Ben E. Keith Company, "contingent payment amounts," brokerage payments, commissions, rebates, bribes, kickbacks, other compensation, and/or allowances or discounts in lieu thereof, which Plaintiff estimates to be between $27,500 and $55,000.00 in violation of Section 2(c) of the Clayton Act (as amended by the Robinson-Patman Act), 15 U.S.C. § 13(c) (hereinafter the "Unlawful Payments").

40. In connection with Aiken Fish House's purchase of supplies from Ben E. Keith Company, Home Team acted as Plaintiff's agent, representative and/or intermediary in a number of ways, including establishing the supply relationship and placing orders for supplies with Ben E. Keith Company in accordance with Plaintiff's instructions. All of this was in violation of the Management Agreement.

41. Home Team did not render services of value for the Unlawful Payments.

42. As a result of paying inflated food and delivery costs to Ben E. Keith Company, Aiken Fish House operated its restaurant at a competitive disadvantage to Home Team's franchises and all of its competitors.

43. As a direct result of such unlawful conduct, Aiken Fish House suffered financial damage in an amount not yet ascertained, but estimated to exceed $200,000, including lost sales and lost profits in the operation of its business.

44. As a result of Defendants' violations of federal antitrust law, pursuant to 15 U.S.C. § 15, Plaintiff seeks damages in an amount equal to three times its actual losses, as well as reasonable attorney's fees and court costs.

## COUNT II

<u>Violation of Federal and Florida Deceptive and Unfair Trade Practices Act</u>

<u>(15 U.S.C. § 45; Fla Stat. § 501.201, et seq.)</u>

45. Plaintiff incorporates by reference all allegations set forth above.

46. The business dealings between Plaintiff and Defendants occurred in trade and commerce. At all relevant times Defendants were engaged in trade and commerce.

47. Defendants employed unfair and deceptive acts or practices in the conduct of their business in an attempt to chill competition, thereby damaging Aiken Fish House. These acts and practice, and the injuries sustained by Aiken Fish House as a result, occurred primarily in South Carolina, but substantially in Florida, where Defendants conducted their business.

48. These unfair methods of competition and unfair or deceptive acts or practices were unlawful under 15 U.S.C. § 45(a)(1) and Fla. Stat. § 501.201, et seq.

49. Such unfair methods of competition and unfair or deceptive acts or practices were committed intentionally, knowingly, willfully, and in bad faith by Defendants.

50. Defendants' conduct caused Aiken Fish House to suffer damages in an amount not yet ascertained but estimated to exceed $200,000, including but not limited to lost profits and diminution of the value of its Aiken Fish House business.

## COUNT III

Violation of South Carolina Antitrust Law

(S.C. Code Ann. § 39-3-10, et seq.)

51. Plaintiff incorporates by reference all allegations set forth above.

52. Defendants had a contract and/or arrangement that lessened and affected the full and free competition of business or commerce through an illegal and clandestine kickback scheme.

53. Under South Carolina law, Plaintiff is entitled to recover from any person operating such an illegal scheme, the full consideration or sum paid by it for goods, wares, merchandise, or articles. S.C. Code Ann. § 39-3-30.

54. Plaintiff paid Ben E. Keith Company roughly $550,000 under the illegal scheme, and is entitled to damages in that amount.

## COUNT IV

Breach of Implied Covenant of Good Faith and Fair Dealing

(Fla. Common Law)

55. Plaintiff incorporates by reference all allegations set forth above.

56. The Management Agreement between Plaintiff and Defendant contains an implied covenant of good faith and fair dealing.

57. By engaging in the wrongful conduct described herein, Defendant Home Team acted in bad faith and breached the implied covenant of good faith

and fair dealing contained in the Management Agreement.

58. As a direct result of such unlawful conduct, Plaintiff suffered financial damage in an amount not yet ascertained but estimated to exceed $200,000, including inflated food costs and lost profits in the operation of its Aiken Fish House restaurant.

## COUNT V

### Declaratory Judgment

### (28 U.S.C. § 2201)

59. Plaintiff incorporates by reference all allegations set forth above.

60. A case of actual controversy exists between the parties in that Plaintiff understands Paragraph 2(b) of the Management Agreement to contain a non-exclusive provision wherein Plaintiff agrees to make <u>some</u> purchases from Ben E. Keith Company, and Defendant Home Team understands Paragraph 2(b) to be exclusive, requiring Plaintiff to make <u>all</u> purchases from Ben E. Keith Company.

61. Plaintiff seeks a declaratory judgment that Paragraph 2(b) is non-exclusive, and Plaintiff is free to make purchases from any vendor it sees fit.

## COUNT VI

### Breach of Contract

### (Fla. Common Law)

62. Plaintiff incorporates by reference all allegations set forth above.

63. Defendant has breached the management agreement by fraudulently concealing its illegal kickback scheme, and induced Aiken Fish House to enter into the agreement by concealing the scheme. Had Plaintiff been made aware that

Defendant Home Team had a rebate or "contingent payment amount" agreement with Ben E. Keith Company, it would have never agreed to the Management Agreement.

64. Plaintiff is entitled to rescission of the agreement for fraud, and for damages as allowable by law, including but not limited to all payments Plaintiff has made to Defendant Home Team under the agreement. As of January 31, 2026, Plaintiff has made $62,500.05 in payments to Defendant Home Team.

65. Additionally, the Management Agreement explicitly states that "Home Team shall not represent or hold itself out as an agent, legal representative, partner, subsidiary, joint venturer or employee of Fish House."

66. Upon information and belief, Home Team has held itself out to Ben E. Keith Company as an agent, legal representative, partner, or joint venturer of Fish House to induce Ben E. Keith Company to make Unlawful Payments.

67. This is a material breach of the Management Agreement which has damaged Aiken Fish House in an amount not yet ascertained but estimated to exceed $200,000, including inflated food costs and lost profits in the operation of its Aiken Fish House restaurant.

## DEMAND FOR JURY TRIAL

68. Plaintiff demands a trial by a jury of twelve on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants as follows:

1. For actual damages in amounts according to proof at trial;

2. For compensatory damages suffered by Plaintiff for applicable statutory and common law violations in amounts according to proof at trial;

3. For treble damages as mandated by federal antitrust law;

4. For multiple damages and disgorgement as authorized by statutes;

5. For a judgment declaring that the Management Agreement is terminated, and is of no further legal effect;

6. For punitive and exemplary damages in an amount according to proof at trial and sufficient to punish Defendants and deter others from similar wrongdoing;

7. For attorney's fees and expert witness fees;

8. For pre-judgment and post-judgment interest;

9. For costs of suit;

10. For trial by a jury of all issues so triable; and

11. For such other relief as the Court deems just and property.

Respectfully submitted,

Dated: January 21, 2026  **INSURANCE LITIGATION GROUP, P.A.**

By : /s/ Michael Katz
Michael Katz, Esq.
Florida Bar No.: 1024707
INSURANCE LITIGATION GROUP, P.A.
1500 NE 162nd St
North Miami Beach, FL 33162
Telephone: (786) 529-0090
E-service: service@ilgpa.com
mkatz@ilgpa.com
*Attorney for Plaintiff*